JS - 6

LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9867 GAF (FFMx) | Date | January 23, 2011 |
|---|---|---|---|
| Title | Pentagon Federal Credit Union v. Ali Makki et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

ORDER REMANDING CASE

**I.**
**INTRODUCTION & BACKGROUND**

　　On July 8, 2011, Plaintiff Pentagon Federal Credit Union ("PFCU") filed an unlawful detainer complaint against Defendants Ali Makki and Michael Vincent in the Los Angeles County Superior Court.  (Docket No. 1 [Not. of Removal], Ex. A [Compl.].)  The Complaint alleges that Plaintiff purchased Defendants' real property in Los Angeles by virtue of a lawful foreclosure sale on February 3, 2011, and that Defendants have continued to possess the premises despite Plaintiff's multiple demands to pay rent or quit the premises, in violation of Rent Stabilization Ordinance section 151.09A(1).  (Id. ¶¶ 7–18.)  Defendants demurred to Plaintiff's Complaint on August 5, 2011, arguing that the unlawful detainer notice was defective because it failed to comply with the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.  (Not., Ex. B [Demurrer] at 4–5.)  This demurrer was overruled.  (Not. ¶ 9.)

　　Defendants removed the action to this Court on November 29, 2011, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the demurrer raises a question of federal law.  (Id. ¶ 6, 8, 10.)  The Court concludes that the lawsuit does not arise under federal law and hereby **REMANDS** the case for lack of subject matter jurisdiction.

JS - 6

LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9867 GAF (FFMx) | Date | January 23, 2011 |
|---|---|---|---|
| Title | Pentagon Federal Credit Union v. Ali Makki et al | | |

## II. DISCUSSION

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold

JS - 6

LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9867 GAF (FFMx) | Date | January 23, 2011 |
|---|---|---|---|
| Title | Pentagon Federal Credit Union v. Ali Makki et al | | |

removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

In their Notice of Removal, Defendants contend that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1441 because their demurrer raised a question under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (Not. ¶¶ 8–10.) It is undisputed, however, that Plaintiff's Complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that PFCU engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

**III.
CONCLUSION**

Based on the foregoing Defendants have not established that federal subject matter jurisdiction exists. The Court therefore **REMANDS** this action to Los Angeles County Superior Court. Plaintiff's Motion to Remand, noticed for hearing on January 30, 2012, is **DENIED as moot**.

**IT IS SO ORDERED.**